GRAHAM and Wife *v.* HANNIBAL & ST. J. R. Co.[1]

*(Circuit Court, E. D. Missouri.   October 1, 1886.)*

ESTOPPEL—DAMAGES FOR DEATH OF MINOR—EARNINGS DURING MINORITY—REV. ST. MO. 2123.

 A satisfied judgment for damages for the death of a minor, recovered under section 2123, Rev. St. Mo., by his parents, is a bar to a subsequent common-law action by such parents to recover the loss of their child's earnings during minority.

At Law.
*Fagg & Hatch*, for plaintiffs.
*Strong & Mosman* and *George S. Grover*, for defendant.

BREWER, J., *(orally.)*   You have two statutes providing for damages in the case of death through negligence; one giving a penalty of

---

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

$5,000 even money, the other allowing damages not exceeding $5,000. These plaintiffs, whose son, a brakeman in the employ of the defendant, was killed through the negligence of the company, brought their action, setting forth the relationship, the death, the negligence, and asking $5,000. When that case came on for trial, the plaintiffs insisted that they could proceed under the first section, and obtain the penalty, the fixed sum of $5,000. Constrained to follow the ruling of the supreme court of this state, whose later decisions, reversing prior rulings of that court, hold that an employe is not within the scope of that first section, I ruled that they could not recover the penalty, but must proceed, under the second section, to recover damages. Proceeding under that section, they offered testimony showing the value of the earnings of the decedent during his minority, and I instructed the jury that they were entitled to recover the value of those earnings, as well as compensation for the loss through life of the attentions and services which a child, through natural affection, owes or renders to its parents. The jury returned a verdict for $3,500. I sustained that verdict on a motion for a new trial. Judgment was rendered and satisfied.

This case was commenced by the plaintiffs, not under the statute, but as a common-law action, independent of the statute, to recover for the loss of the earnings of the child during his minority. To this the railroad company pleads, among other defenses, former recovery; that the plaintiffs have once obtained judgment for the full earnings of the minor during his minority.

The statute prescribing the measure of damages says that the jury may give such damages, not exceeding $5,000, as they may deem fair and just with reference to the necessary injury resulting from such death to the surviving parties who may be entitled to sue. In 71 Mo. your supreme court, properly I think, held that among the matters to be considered as forming part of these damages—part of the necessary injury—was the loss of the earnings of the minor child during his minority, and, as a matter of fact in this case, they were proven, and the jury instructed to include them in the verdict. So there has been a former recovery for these very earnings, and the plea in bar is sustained, and judgment will be entered for the defendant.